TIMOTHY DONOVAN v. JAMES DWYER.

[See 57 Mich. 561.]

*Bill of review— When leave to file will be denied.*

In this case, after a full re-examination of all the papers and testimony accompanying defendant's petition, his motion for leave to file a bill of review was denied, with costs.

Motion for leave to file a bill of review.   Argued June 22, 1886.   Denied July 1, 1886.

*W. P. Healy* (*Isaac Marston,* of counsel), for petitioner.

SHERWOOD, J.   The petition in this case is on the part of defendant, and asks for leave to file a bill of review.

Hearing was had in the original case, on appeal to this Court, at the April term, 1885, and the opinion rendered therein will be found in 57 Mich. 561.

Decree was duly entered in this Court in accordance with the opinion given.   Under the decree, the accounting ordered therein has since been taken between the parties in the circuit court for the county of Marquette.

A reference of said cause was made to a circuit court commissioner, to take such proofs as were necessary in making the accounting, and upon such reference the complainant was sworn and examined.

The defendant now claims that the testimony of the complainant so taken before the commissioner is contradictory of

the testimony he gave in the original case, and strongly supports the defense set up by the defendant in his answer to the original bill, and that, had such testimony appeared in the record upon the hearing had in this Court, the defendant would have prevailed, and the complainant would not have obtained the relief granted him in this Court; and, inasmuch as the decree made in the case has not yet been performed, the petitioner now moves this Court for the leave he prays.

A copy of the testimony relied upon by counsel for defendant as the basis of his motion is annexed to his petition, and has been carefully examined and compared with that before given in the case. The testimony given before the commissioner, and relied upon as furnishing good ground for granting the leave asked by defendant's counsel, was not essential or material to the matter then in hand and under consideration ; and, while the tendency is to show a difference in the effect from that given before the court, we are unable to say how much this apparent difference might have been modified had a full examination, direct and cross, been gone into, with the witness' recollection refreshed upon the whole transaction, as it was when the testimony was given before the court when the evidence in the case was being taken.

But, aside from Donovan's testimony given in the case before the hearing of the cause, there were other circumstances surrounding and accompanying the transactions testified to which could not be ignored, and which had an important bearing in the final determination of the right between these parties, and these are not changed or affected by the testimony and discrepancies now relied upon as the basis for the leave asked.

After a careful re-examination of the case, and all the papers and testimony accompanying the petition of the defendant, we do not feel warranted in granting the relief prayed, and therefore the defendant's motion must be denied, with costs.

The other Justices concurred.